UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

Case No. 05-CR-80337
HON. GEORGE CARAM STEEH

HERMAN NORMAN JOHNSON,
a/k/a HERMAN DAVIS,

    Defendant.

_____/

ORDER GRANTING, IN PART, AND DENYING, IN PART,
DEFENDANT'S MOTION FOR DISCOVERY (#92) AS TO ITEM NOS. 1-25 AND 27-29,
AND TAKING DEFENDANT'S MOTION FOR DISCOVERY (#92) AS TO
ITEM NO. 26 UNDER ADVISEMENT PENDING DEFENDANT'S
FILING OF A SUPPLEMENTAL BRIEF

Defendant Herman Johnson filed a motion for discovery on December 31, 2007. A hearing on the motion was held on February 6, 2008. The motion seeks discovery of 29 separately listed items. See Defendant's December 31, 2007 Motion, at 1-9. In a separate Order, the court granted Johnson leave to file a supplemental brief relative to Defendant's Item No. 26. Johnson's discovery motion relative to Defendant's Item No. 26 remains under advisement pending the filing of the supplemental brief. The remainder of the motion will be GRANTED, IN PART, and DENIED, IN PART, as set forth below.

**I. Background**

Johnson is charged under a three count November 1, 2005 First Superceding Indictment with: conspiracy to commit murder to prevent a person from providing information concerning a federal crime to a law enforcement officer of the United States, 18 U.S.C. §§ 1512(a)(1)(C), 1512(k), involving aggravating circumstances as enumerated

in 18 U.S.C. § 3592(c)(1) through (c)(16); murder to prevent a person from providing information concerning a federal crime to a law enforcement officer of the United States - aiding and abetting, 18 U.S.C. § 1512(a)(1)(C), 18 U.S.C. § 2(a); and felon in possession of a firearm, 18 U.S.C. § 922(g). The charges arise from Johnson's alleged involvement in the contract murder of one Waad Murad, who was under criminal investigation for laundering drug proceeds by selling high-end automobiles to drug traffickers from his Detroit business "The Metro Car Company." A warrant based search of the business on November 17, 2004 allegedly provided leads to others who may have been illegally involved with Murad. An unnamed "contractor" allegedly contacted Johnson in March 2005 to assist in killing Murad because the "contractor" believed Murad may have cooperated with federal law enforcement officers, promising to pay Johnson for his involvement. On March 17, 2005, Johnson and others allegedly traveled to The Metro Car Company looking for Murad. Murad was allegedly shot in the head with a .357 caliber handgun while sitting in a motor vehicle in front of his business, and died the next day. The murder weapon was allegedly found at Johnson's home on March 29, 2005 during a warrant based search.

In response to Johnson's discovery motion, the Government adds that one Adarus Mazio Black, a large cocaine trafficker, became concerned that Murad would cooperate with law enforcement agencies after Murad was arrested. Black allegedly approached one Donnell Young for the purpose of having Young and Johnson have "something taken care of." Young allegedly relayed the message to Johnson. Allegedly, Black later asked Young and Johnson directly to kill a "fat European man" who owned a luxury car business. Black allegedly offered $17,000.00, and Young demanded a $10,000.00 down payment. On March 17, 2005, Johnson and one Gibran Gotcher allegedly walked up to Murad as he sat in a car with an employee, shooting Murad once in the head. Confidential informants were used to target Johnson.

## II. Discovery

Federal Rule of Criminal Procedure 16(a)(1) sets forth materials the Government must disclose upon the defendant's request. The Jencks Act, 18 U.S.C. § 3500, provides that statements or reports of potential Government witnesses are not subject to disclosure until after the witness testifies. Rule 16(a)(2) expressly recognizes Jencks Act disclosure limitations. The Brady[1] doctrine obligates the Government to disclose evidence in its possession that is both favorable to the defendant and material to guilt or punishment in time for effective use at trial. See United States v. Presser, 844 F.2d 1275, 1285 (6th Cir. 1988). Federal Rule of Criminal Procedure 16 provides no authority for the pretrial disclosure of Brady materials, and "the government may not be compelled to disclose Jencks Act material before trial." Id. at 1283.

The parties agreed at the February 6, 2006 hearing that many of Johnson's discovery requests are proper. The Government also affirmatively represented on the record that it has already provided certain appropriate discovery materials to Johnson, and will fully satisfy its continuing discovery obligations under Rule 16, the Jencks Act, and the Brady doctrine. Consistent with these agreements and the Government's representations, the court has ruled below that certain specific discovery requests should be denied, or denied in part. As indicated in the rulings on individual discovery requests, however, denial of a specific request may affirm the Government's continuing duties under Rule 16, the Jencks Act, and/or the Brady doctrine to provide Johnson with requested materials that are subject to disclosure and have not yet been produced.

## III. Specific Discovery Requests

**Defendant's Item No. 1.** All statements made by defendant (including statements about

---

[1] Brady v. Maryland, 373 U.S. 83 (1963).

3

drugs). The Government represents that it has already produced these materials, and acknowledges its continuing duties of disclosure under Rule 16, the Jencks Act, and the Brady doctrine; IT IS SO ORDERED.

**Defendant's Item No. 2.** Rough notes of any law enforcement officer. The Government represents that it has already produced these materials, and acknowledges its continuing duties of disclosure under Rule 16, the Jencks Act, and the Brady doctrine; IT IS SO ORDERED.

**Defendant's Item No. 3.** Photographs or videotapes, including surveillance videos. The Government represents that it has already produced these materials, and acknowledges its continuing duties of disclosure under Rule 16, the Jencks Act, and the Brady doctrine; IT IS SO ORDERED.

**Defendant's Item No. 4.** Taped 911 calls and dispatch calls and logs. GRANTED, IN PART, to the extent the Government shall investigate whether computerized dispatch logs exist, and shall provide Johnson with such logs if they do exist. DENIED, IN PART, as to 911 call tapes based on the Government's representation that no tapes exist.

**Defendant's Item No. 5.** "Bench notes," documents, photographs, or other forensic testing and analysis. GRANTED, IN PART, to the extent the Government agrees to provide "bench notes" to Johnson. The Government represents that it has already produced these materials, and acknowledges its continuing duties of disclosure under Rule 16, the Jencks Act, and the Brady doctrine; IT IS SO ORDERED.

**Defendant's Item No. 6.** Names and curriculum vitae of any Government expert witness. The Government represents that Johnson will be provided with all curriculum vitae as they become available; IT IS SO ORDERED.

**Defendant's Item No. 7.** Electronic files of all cellular phone discovery, previously

disclosed in paper form. GRANTED to the extent the Government shall investigate whether such electronic files are reasonably available and, if so, shall make the electronic files available to defendant Johnson.

**Defendant's Item No. 8.** Name, address, and photographs of anyone identified by fingerprints/palm prints on any evidence (i.e. firearm) whom the Government intends to introduce at trial. The Government represents that no such evidence exists, and acknowledges its continuing duties of disclosure under Rule 16, the Jencks Act, and the Brady doctrine should any such evidence be discovered; IT IS SO ORDERED.

**Defendant's Item No. 9.** All statements made by alleged co-conspirator Gibran Gotcher, and any conflicting or contradictory statements made by any witness. The Government represents that it has already produced these materials, and its willingness to immediately produce other statements. DENIED, but ONLY to the extent Johnson seeks *immediate* disclosure of other Jencks materials, including grand jury statements, and consistent with the Government's acknowledgment of its continuing duties of disclosure under Rule 16, the Jencks Act, and the Brady doctrine; IT IS SO ORDERED.

**Defendant's Item No. 10.** Complete criminal history, and any information regarding criminal conduct that was never charged, as to any potential Government witness. DENIED, but ONLY to the extent Johnson seeks *immediate* disclosure of Jencks materials, and consistent with the Government's acknowledgment of its continuing duties of disclosure under Rule 16, the Jencks Act, and the Brady doctrine; IT IS SO ORDERED.

**Defendant's Item No. 11.** Complete statement of all promises, considerations, rewards, or inducements made by the Government for a person's testimony, cooperation, or information. DENIED, but ONLY to the extent Johnson seeks *immediate* disclosure of Jencks materials, and consistent with the Government's acknowledgment of its continuing

duties of disclosure under Rule 16, the Jencks Act, and the Brady doctrine; IT IS SO ORDERED.

**Defendant's Item No. 12.** Complete agency files on all cooperating Government witnesses and informants, including federal, state, and local law enforcement files on "DPD-1," "DPD-2," Myron Davis, Alvin Bailey, Gibran Gotcher, and Tommy Hodges. DENIED, but ONLY to the extent Johnson seeks *immediate* disclosure of Jencks materials, and consistent with the Government's expressed willingness to produce summaries of such files and the Government's acknowledgment of its continuing duties of disclosure under Rule 16, the Jencks Act, and the Brady doctrine; IT IS SO ORDERED.

**Defendant's Item No. 13.** All evidence revealing any bias or motive on the part of any Government witness. DENIED, but ONLY to the extent Johnson seeks *immediate* disclosure of Jencks materials, and consistent with the Government's acknowledgment of its duty to inquire about such materials and its continuing duties of disclosure under Rule 16, the Jencks Act, and the Brady doctrine; IT IS SO ORDERED.

**Defendant's Item No. 14.** Any impeachment evidence as to any potential Government witness that might be admissible under FRE 608. DENIED, but ONLY to the extent Johnson seeks *immediate* disclosure of Jencks materials, and consistent with the Government's acknowledgment of its duty to inquire about such materials and its continuing duties of disclosure under Rule 16, the Jencks Act, and the Brady doctrine; IT IS SO ORDERED.

**Defendant's Item No. 15.** Any evidence regarding Government witnesses and potential Government witnesses, including "DPD-1," "DPD-2," Myron Davis, Alvin Bailey, Gibran Gotcher, and Tommy Hodges, concerning: drug and/or alcohol use and dependency; medical or law enforcement records of drug and/or alcohol use and dependency or

addresses where records are kept; names and addresses of all persons having knowledge of a witness's drug and/or alcohol use and dependency; evidence of psychiatric hospitalizations, treatments, mental or physical disorder affecting the ability to recall information. DENIED, but ONLY to the extent Johnson seeks *immediate* disclosure of Jencks materials, and consistent with the Government's acknowledgment of its duty to inquire about such materials and its continuing duties of disclosure under Rule 16, the Jencks Act, and the Brady doctrine; IT IS SO ORDERED.

**Defendant's Item No. 16.** Polygraph raw data and results of any potential Government witness. The Supreme Court held in Wood v. Bartholomew, 516 U.S. 1 (1995) that a state prosecutor did not violate the Brady doctrine in failing to disclose the results of a state witness's polygraph results because, under state law, the polygraph results were not admissible and disclosure would not have lead to admissible evidence, warranting denial of the writ. Id. at 8. Under federal Sixth Circuit precedent, "as a general rule, results of a polygraph examination are inadmissible, but may be admitted under rare circumstances." See United States v. Smith, No. 96-5385, 1998 WL 136564, at *2 (6th Cir. Mar. 19, 1998) (unpublished) (citing United States v. Sherlin, 67 F.3d 1208, 1216 (6th Cir. 1995); United States v. Weiner, 988 F.2d 629, 633 (6th Cir. 1993)) (internal citation omitted). Whether to admit polygraph evidence under Federal Rule of Evidence 403 requires a balancing of its probative value against the potential for prejudice. Smith, 1998 WL 136564, at *2 (citing United States v. Harris, 9 F.3d 493, 502 (6th Cir. 1993)). Absent a showing of rare circumstances or a sufficient proffer indicating that the requested polygraph evidence would be admissible under Rule 403, the request is DENIED without prejudice; IT IS SO ORDERED.

**Defendant's Item No. 17.** Names of all persons shown defendant's picture who were either unable to identify defendant as the perpetrator of the alleged offenses, or identified

7

someone else. The Government represents that it has already produced those materials it is aware of, and acknowledges its continuing duties of disclosure under Rule 16, the Jencks Act, and the Brady doctrine; IT IS SO ORDERED.

**Defendant's Item No. 18.** All tips and leads that proved to be false or resulted in information inconsistent with defendant's guilt. The Government represents that it has already produced those materials it is aware of, and acknowledges its continuing duties of disclosure under Rule 16, the Jencks Act, and the Brady doctrine; IT IS SO ORDERED.

**Defendant's Item No. 19.** Any information tending to show that defendant was under duress or coercion to participate in the alleged offense. The Government represents that it has already produced those materials it is aware of, and acknowledges its continuing duties of disclosure under Rule 16, the Jencks Act, and the Brady doctrine; IT IS SO ORDERED.

**Defendant's Item No. 20.** Any information casting doubt on whether defendant created a grave risk of death to the person sitting next to Murad at the time Murad was shot and killed. The Government represents that no such materials currently exist, and acknowledges its continuing duties of disclosure under Rule 16, the Jencks Act, and the Brady doctrine; IT IS SO ORDERED.

**Defendant's Item No. 21.** Any information casting doubt on whether defendant received anything of value for his alleged role in the alleged offense. The Government represents that no such materials currently exist, and acknowledges its continuing duties of disclosure under Rule 16, the Jencks Act, and the Brady doctrine; IT IS SO ORDERED.

**Defendant's Item No. 22.** Any information casting doubt on whether defendant engaged in substantial planning or deliberation. The Government represents that no such materials currently exist, and acknowledges its continuing duties of disclosure under Rule 16, the

Jencks Act, and the Brady doctrine; IT IS SO ORDERED.

**Defendant's Item No. 23.** Any information suggesting that defendant participated in the offense due to duress or coercion. The Government represents that no such materials currently exist, and acknowledges its continuing duties of disclosure under Rule 16, the Jencks Act, and the Brady doctrine; IT IS SO ORDERED.

**Defendant's Item No. 24.** Any information suggesting that defendant suffers from an impaired mental capacity or disturbance. The Government represents that no such materials currently exist, and acknowledges its continuing duties of disclosure under Rule 16, the Jencks Act, and the Brady doctrine; IT IS SO ORDERED.

**Defendant's Item No. 25.** Any information that suggests that others who are equally culpable or complicit will not face the death penalty, including information regarding Christopher Perez, Donnell Young, Gibran Gotchern and Adarus Maceo Black, and their current status. 18 U.S.C. § 3592(a)(4) and (8) provide:

> (a) Mitigating factors. — In determining whether a sentence of death is to be imposed on a defendant, the finder of fact shall consider any mitigating factor, including the following:
>
> \*   \*   \*
>
> (4) Equally culpable defendants. — Another defendant or defendants, equally culpable in the crime, will not be punished by death.
>
> \*   \*   \*
>
> (8) Other factors. — Other factors in the defendant's background, record, or character or any other circumstance of the offense that mitigate against imposition of the death sentence.

As the Government points out, Johnson is the sole criminal defendant in this federal action. At the same time, at least one of the persons listed by Johnson in this request is a state criminal defendant charged in some capacity in the murder of Murad who is not facing the imposition of a death sentence by the State of Michigan. Although the Government

correctly argues that § 3592(a)(4) is inapplicable because there are no federal co-"defendants" with Johnson, the culpability of others generally in the murder and conspiracy offenses charged against Johnson, who may or may not be facing the death penalty, is a relevant "circumstance of the offense that mitigate against imposition of the death sentence" as envisioned under § 3592(a)(8). Accordingly, this information is discoverable, and to the extent known to the Government should be disclosed. Also, the Government acknowledges some of these requested materials may constitute <u>Brady</u> or Jencks materials. The request is hereby DENIED, IN PART, but ONLY to the extent Johnson seeks *immediate* disclosure of Jencks materials, and GRANTED, IN PART, consistent with the court's ruling under § 3592(a)(8) and the Government's acknowledgment of its duty to inquire about such materials and its continuing duties of disclosure under Rule 16, the Jencks Act, and the <u>Brady</u> doctrine; IT IS SO ORDERED.

**Defendant's Item No. 26.** Any information suggesting that Murad consented to the criminal conduct which lead to his death, that is, all evidence of Murad's criminal conduct i.e. DEA-6 and FBI 302 reports. TAKEN UNDER ADVISEMENT.

**Defendant's Item No. 27.** Any evidence suggesting defendant is not an appropriate death penalty candidate. The Government represents that no such evidence exists, and acknowledges its continuing duties of disclosure under Rule 16, the Jencks Act, and the <u>Brady</u> doctrine should any such evidence be discovered; IT IS SO ORDERED.

**Defendant's Item No. 28.** Any and all evidence suggesting that former defense counsel S. Allen Early was acting under a conflict of interest. The Government represents that it has already produced these materials in support of its prior motion to disqualify Mr. Early as defense counsel, except with respect to grand jury testimony. The Government recognizes a duty to disclose grand jury testimony as Jencks material. Accordingly, the

Government shall comply with its continuing duties of disclosure under Rule 16, the Jencks Act, and the Brady doctrine; IT IS SO ORDERED.

**Defendant's Item No. 29.** Any Rule 404(b) evidence. DENIED as MOOT on Government's representation that it does not intend to introduce Rule 404(b) evidence, and the Government's acknowledgment of its continuing duty to notify Johnson of an intent to use Rule 404(b) evidence.

### IV. Conclusion

Defendant Johnson's motion for discovery is hereby GRANTED, IN PART, and DENIED, IN PART, except to the extent that Johnson's discovery motion relative to Defendant's Item No. 29 is hereby TAKEN UNDER ADVISEMENT.

SO ORDERED.

Dated: February 15, 2008

                                        s/George Caram Steeh
                                        GEORGE CARAM STEEH
                                        UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on February 15, 2008, by electronic and/or ordinary mail.

s/Josephine Chaffee
Deputy Clerk