UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

vs.
                            Case No. 05-CR-80337
                            HON. GEORGE CARAM STEEH

HERMAN NORMAN JOHNSON,
a/k/a HERMAN DAVIS,

    Defendant.

_____/

## ORDER DENYING'S DEFENDANT'S MOTION TO STRIKE (# 104) AND DENYING GOVERNMENT'S MOTION FOR RECONSIDERATION (# 100)

The Government moves for reconsideration of that part of the court's February 15, 2008 Order granting in part defendant Herman Johnson's motion for discovery of any information that suggests that others who are as equally culpable or complicit as Johnson will not face the death penalty, including information regarding Christopher Perez, Donnell Young, Gilbran Gotchern and Adarus Maceo Black. Defendant Johnson moves to strike the motion as untimely.

### I. Defendant's Motion to Strike

Defendant Johnson moves to strike the Government's March 3, 2008 motion for reconsideration as untimely. A motion for reconsideration must be filed within 10 days after entry of the order being challenged. E.D. Mich. LR 7.1(g)(1). See also Fed.R.Crim.P. 45(a) (recognizing application of local rules); E.D. Mich. LCrR 1.1. (recognizing application of general local rules in criminal actions); E.D. Mich LR 6.1(a). Intermediate Saturdays, Sundays, and legal holidays, including Washington's Birthday (February 18, 2008), are excluded from the calculation. Fed.R.Crim.P. 45(a)(2), (4)(A)(iii). Three days are added

to the calculation to accommodate mailing. E.D. Mich. LR 6.1(b). Applying these rules, the Government was required to file its motion for reconsideration, as it did, on or before March 6, 2008. Johnson's motion to strike the motion as untimely will be denied.

## II. Government's Motion for Reconsideration

In granting in part Johnson's motion for disclosure of information suggesting that others not facing the death penalty were equally as culpable or complicit as Johnson in the alleged conspiracy and contract murder of Waad Murad, the court reasoned:

> 18 U.S.C. § 3592(a)(4) and (8) provide:
>
> > (a) Mitigating factors. — In determining whether a sentence of death is to be imposed on a defendant, the finder of fact shall consider any mitigating factor, including the following:
> >
> > \* \* \*
> >
> > (4) Equally culpable defendants. — Another defendant or defendants, equally culpable in the crime, will not be punished by death.
> >
> > \* \* \*
> >
> > (8) Other factors. — Other factors in the defendant's background, record, or character or any other circumstance of the offense that mitigate against imposition of the death sentence.
>
> As the Government points out, Johnson is the sole criminal defendant in this federal action. At the same time, at least one of the persons listed by Johnson in this request is a state criminal defendant charged in some capacity in the murder of Murad who is not facing the imposition of a death sentence by the State of Michigan. Although the Government correctly argues that § 3592(a)(4) is inapplicable because there are no federal co-"defendants" with Johnson, the culpability of others generally in the murder and conspiracy offenses charged against Johnson, who may or may not be facing the death penalty, is a relevant "circumstance of the offense that mitigate against imposition of the death sentence" as envisioned under § 3592(a)(8). Accordingly, this information is discoverable, and to the extent known to the Government should be disclosed. Also, the Government acknowledges some of these requested materials may constitute <u>Brady</u> or Jencks materials. The request is hereby DENIED, IN PART, but ONLY to the extent Johnson seeks *immediate* disclosure of Jencks materials, and GRANTED, IN PART, consistent with the court's ruling under § 3592(a)(8)

and the Government's acknowledgment of its duty to inquire about such materials and its continuing duties of disclosure under Rule 16, the Jencks Act, and the Brady doctrine[.]

February 15, 2008 Order, at 9-10.

On reconsideration, the Government argues that, if Johnson is permitted to proffer evidence at trial of the federal non-prosecution of Johnson's alleged co-conspirators, the Government will be forced to explain to jurors the Government's deliberative process and the impact of the Bruton[1] rule, holding that a defendant's right to confrontation may be violated if a non-testifying co-defendant's confession implicating the defendant is admitted into evidence at a joint trial.[2] The Government asserts that explaining why it cannot develop a prosecutable federal murder case against Johnson's alleged co-coconspirators based solely on Johnson's confession will result in a mini-trial on collateral matters and, ultimately, juror confusion. The Government continues that the court's ruling is contrary to Sixth Circuit Pattern Jury Instruction 2.01 (2005 ed.) that cautions a jury to "remember that whether anyone else should be prosecuted and convicted for this crime is not a matter for you to consider. The possible guilt of others is no defense to a criminal charge."

Generally, and without restricting the court's discretion, the court will not grant a motion for reconsideration that merely presents the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the court and the parties have been mislead but also show that correcting the defect will result in a different disposition of the case. E.D. Mich. LR 7.1(g)(3).

The Government has failed to demonstrate palpable error. Disclosure was ordered

---

[1] Bruton v. United States, 391 U.S. 123 (1968).

[2] See United States v. DiCarlantonio, 870 F.2d 1058, 1062 (6th Cir. 1989) (citing Bruton and Richardson v. Marsh, 481 U.S. 200 (1987)).

under 18 U.S.C. § 3592(a)(8) for the purpose of assisting the jury "[i]n determining whether a sentence of death is to be imposed on" Johnson, not for the purpose of determining Johnson's guilt or innocence. It follows that the court's ruling is not inconsistent with Sixth Circuit Pattern Instruction 2.01, an instruction that will be given in the guilt phase of Johnson's bifurcated trial. The fact that the culpability of others with respect to Murad's alleged murder is not a defense to the crimes charged against Johnson does not preclude this same evidence from being considered in the sentencing phase as a factor mitigating against the death penalty. 18 U.S.C. § 3592(a)(8). A federal district court in United States v. Caro, 461 F.Supp.2d 459, 464 (W.D. Va. 2006), found that the Caro defendant's "proportionality evidence" based on totally unrelated death penalty cases should be excluded from the jury in the sentencing phase because such evidence "would lead to a confusion of the issues and mislead the jury." Caro is distinguishable, as the evidence sought by Johnson is directly related to the crimes for which he stands charged. The court does not share the Government's concern that juror confusion and mini-trials will result from the Government's explanation to the jury after the guilt phase of trial that Johnson's confession could not be used in a joint federal trial involving his alleged co-conspirators if they chose not to testify. Absent a showing of palpable error, the Government's motion for reconsideration will be denied. Indeed, the Government's position would keep the most significant mitigating evidence from the jury altogether, i.e., other, more culpable participants in this crime will not face the death penalty. Whatever the explanation, it is the net result that counts.

### III. Government's Request for Reciprocal Discovery

Within the body of its motion for reconsideration, the Government renews a request made in its January 9, 2008 response to Johnson's December 31, 2007 motion for

4

discovery that Johnson provide disclosure and copies of all items set forth in Federal Rule of Criminal Procedure 16(b)(1)(A-C).  If a defendant requests discovery of documents and objects under Federal Rule of Criminal Procedure 16(a)(1)(E) and the government complies, the defendant must, at the government's request, permit discovery by the government of documents and objects if the items are within the defendant's possession, custody, or control, and the defendant intends to use them in his case-in-chief at trial. Fed.R.Crim.P. 16(b)(1)(A).  If a defendant requests discovery of reports and examinations and tests under Federal Rule of Criminal Procedure 16(a)(1)(F) and the government complies, the defendant must, at the government's request, permit discovery by the government of reports of examinations and tests if they are within the defendant's possession, custody, or control, and the defendant intends to use them in his case-in-chief at trial, or intends to call the witness who prepared the report and the report relates to the witness's testimony.  Fed.R.Crim.P. 16(b)(1)(B).  If a defendant requests disclosure of expert witness summaries under Federal Rule of Criminal Procedure 16(a)(1)(G) and the government complies, the defendant must, at the government's request, provide expert witness summaries to the government.  Fed.R.Crim.P. 16(b)(1)(C).

In the absence of a specific motion for reciprocal disclosure, or an alleged specific refusal by defendant Johnson to comply with Rule 16(b), the court is not inclined to order Johnson to comply with Federal Rule of Criminal Procedure 16(b)(1)(A-C).  The Rule is self-effectuating.  Defendant Johnson is hereby notified of his duty to comply with Rule 16(b)(1)(A-C).

### IV. Conclusion

For the reasons set forth above, defendant Johnson's motion to strike is hereby DENIED.  The Government's motion for reconsideration is hereby DENIED.

SO ORDERED.

Dated: May 16, 2008

                                       s/George Caram Steeh
                                       GEORGE CARAM STEEH
                                       UNITED STATES DISTRICT JUDGE

---

**CERTIFICATE OF SERVICE**

Copies of this Order were served upon attorneys of record on
May 16, 2008, by electronic and/or ordinary mail.

s/Josephine Chaffee
Deputy Clerk

---