UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

vs.

                                  Case No. 05-CR-80337
                                  HON. GEORGE CARAM STEEH

HERMAN NORMAN JOHNSON,
a/k/a HERMAN DAVIS,

        Defendant.

_____/

ORDER DENYING DEFENDANT'S MOTION FOR A
BILL OF PARTICULARS (# 125)

Defendant Herman Norman Johnson moves for a bill of particulars. The facts and legal arguments presented in the parties' briefs are sufficient to adjudicate the motion. Oral argument would not significantly aid the decisional process. Pursuant to E.D. Mich. Local R. 7.1(e)(2), it is ORDERED that the motion be resolved without oral argument.

Johnson is charged in a three-count November 1, 2005 First Superceding Indictment with: conspiracy to commit murder to prevent a person from providing information concerning a federal crime to a law enforcement officer of the United States, 18 U.S.C. §§ 1512(a)(1)(C), 1512(k), involving aggravating circumstances as enumerated in 18 U.S.C. § 3592(c)(1) through (c)(16); murder to prevent a person from providing information concerning a federal crime to a law enforcement officer of the United States, aiding and abetting, 18 U.S.C. § 1512(a)(1)(C), 18 U.S.C. § 2(a); and felon in possession of a firearm, 18 U.S.C. § 922(g). Specifically, the First Superceding Indictment reads in pertinent part:

COUNT ONE

(18 U.S.C. §§1512(a)(1)(C), 1512(k) - Conspiracy to Commit Murder . . . .)

\* \* \*

That in March, 2005, up to and including March 17, 2005, said dates being approximate, in the Eastern District of Michigan, the Defendant HERMAN NORMAN JOHNSON, did knowingly, intentionally and unlawfully . . . conspire . . . and agree with others, whose names are both known and unknown to the Grand Jury, to commit an offense against the United States, that is, to willfully, deliberately, maliciously, with premeditation and malice aforethought, kill one Waad Murad, with the intent to prevent Waad Murad from communicating to a law enforcement officer of the United States the facts and details of the commission and possible commission of federal offenses, to-wit: distribution of cocaine and cocaine base, conspiracy to distribute cocaine and cocaine base, the laundering of monetary instruments to conceal drug trafficking, and conspiracy to launder monetary instruments to conceal drug trafficking; all in violation of Title 18, United States Code, Section 1512(a)(1)(C) and Title 18, United States Code, Section 1512(k).

## **Manner and Means**

1.  At all times relevant to this offense, Waad Murad was a used car dealer who operated a business called The Metro Car Company, located near the Intersection of 7 Mile and Woodward Avenue in Detroit, Michigan.

2.  In November 2004, Murad was under investigation by federal agents for allegedly participating in money laundering activities stemming from Murad's sale of high-end automobiles to individuals suspected of narcotics trafficking in the metropolitan Detroit area.

3.  As part of the investigation into Murad's alleged illegal activities, federal agents executed a search warrant at The Metro Car Company on November 17, 2004.

4.  During this search, agents recovered evidence which provided leads to other suspects who may have been involved in illegal activity with Waad Murad.

5.  In or about early March, 2005, an individual hereafter referred to as "Contractor," contacted Defendant, HERMAN NORMAN JOHNSON, and asked JOHNSON to participate and assist in the murder of Waad Murad.

6. Contractor told HERMAN NORMAN JOHNSON that Contractor wanted Murad murdered because Murad may have been providing information about Contractor's violations of federal criminal law to federal law enforcement authorities.

7. During the November 17, 2004 search of The Metro Car Company, federal agents located certain information pertaining to Contractor's involvement with Murad.

8. Contractor promised to pay HERMAN NORMAN JOHNSON for participating in the murder of Waad Murad.

9. During subsequent meetings with Contractor in March 2005, Contractor agreed to pay HERMAN NORMAN JOHNSON a certain sum of money for killing Waad Murad.

10. On or about March 17, 2005, HERMAN NORMAN JOHNSON, along with others, traveled to The Metro Car Company to look for Waad Murad.

11. At The Metro Car Company, HERMAN NORMAN JOHNSON walked onto the used car lot to ensure that Waad Murad was present.

12. HERMAN NORMAN JOHNSON knowingly surveilled the car lot looking for Murad in furtherance of the scheme to murder Murad.

13. HERMAN NORMAN JOHNSON confirmed that Murad was present at Metro Cars.

14. Shortly thereafter, an individual approached Murad while Murad was seated in an automobile in the parking lot of Metro Cars.

15. This individual walked up to Murad, produced a handgun, and shot Murad at point blank range in the left side of his head.

16. The shot that killed Murad was fired from a .357 caliber handgun.

17. Murad died the next day, on March 18, 2005, from the single gunshot wound to the head.

18. Eleven days later, on March 29, 2005, police executed a search warrant at HERMAN NORMAN JOHNSON's home at 14270 Strathmoor Street in the City of Detroit.

19. HERMAN NORMAN JOHNSON was present at the Strathmoor home and was alone at the time of the search.

20. During the search of HERMAN NORMAN JOHNSON's home police located the .357 handgun that fired the lethal shot which killed Waad Murad on March 17, 2005.   . . . .

## COUNT TWO

(Murder to Prevent a Person From Providing Information Concerning a Federal Crime to a Law Enforcement Officer of the United States- Aiding and Abetting, 18 U.S.C. §1512(a)(1)(C); 18 U.S.C.§ 2(a))

\* \* \*

That on or about March 17, 2005, said date being approximate, in the Eastern District of Michigan, the defendant, HERMAN NORMAN JOHNSON, did willfully, deliberately, maliciously, with premeditation and malice aforethought, kill one Waad Murad by a single gunshot to the head, with the intent to prevent Waad Murad from communicating to a law enforcement officer of the United States the facts and details of the commission and possible commission of federal offenses, to-wit, distribution of cocaine and cocaine base, conspiracy to distribute cocaine and cocaine base, the laundering of monetary instruments to conceal drug trafficking, and conspiracy to launder monetary instruments to conceal drug trafficking; all in violation of Title 18, United States Code, Section 1512(a)(1)(C) of Title 18 United States Code; and did aid and abet others in the commission of said offense, in violation of Section 2(a) of Title 18 United States Code.

\* \* \*

## COUNT THREE

(18 U.S.C. §922(g) – FELON IN POSSESSION OF A FIREARM)

\* \* \*

On or about March 29, 2005, in the Eastern District of Michigan, Southern Division, the defendant, HERMAN NORMAN JOHNSON, having been previously convicted of at least one crime punishable by imprisonment for a term exceeding one year (felony offense), did knowingly possess a firearm, to wit, one Smith and Wesson .357 magnum chrome revolver bearing serial number BST2185; one Colt Anaconda .44 caliber revolver bearing serial number MM66095; and one .9mm Hi Point rifle bearing serial number A11721; which were manufactured outside the State of Michigan after 1898, and thus traveled in interstate commerce; all in violation of Title 18, United States Code, Section 922(g).

Defendant Johnson moves for a bill of particulars setting forth: (1) the dates on which Johnson conspired and agreed to murder Murad; (2) the places where Johnson conspired and agreed to murder Murad; (3) the specific overt acts committed by Johnson in furtherance of the alleged conspiracy; and (4) whether Murad is being charged as an aider and abettor or principal in the murder of Murad, and if as an aider and abettor, the

4

specific acts committed by Johnson to aid and abet the murder. Johnson asserts that the absence of information as to dates, places, and occurrences of alleged events renders the First Superceding Indictment vague.

"The purposes of a bill of particulars are to inform the defendant of the nature of the charge against him with sufficient precision to enable him to prepare for trial, to avoid or minimize the danger of surprise at the time of trial, and to enable him to plead his acquittal or conviction in bar of another prosecution for the same offense when the indictment itself is too vague, and indefinite for such purposes." United States v. Birmley, 529 F.2d 103, 108 (6th Cir. 1976).

> It is well established that a motion for a bill of particulars lies within the discretion of the trial court. United States v. Barrett, 505 F.2d 1091, 1106 (7th Cir. 1974), cert. denied, 421 U.S. 964, 95 S.Ct. 1951, 44 L.Ed.2d 450 (1975); United States v. Cansler, 419 F.2d 952, 954 (7th Cir. 1969), cert. denied, 397 U.S. 1029, 90 S.Ct. 1278, 25 L.Ed.2d 540 (1970). The denial of such a motion is reviewable only as an abuse of discretion. United States v. Giese, 597 F.2d 1170, 1180 (9th Cir. 1979), cert. denied, 444 U.S. 979, 100 S.Ct. 480, 62 L.Ed.2d 405. The test for whether a bill of particulars is necessary is "whether the indictment sets forth the elements of the offense charged and sufficiently apprises the defendant of the charges to enable him to prepare for trial." United States v. Roya, 574 F.2d 386, 391 (7th Cir. 1978), cert. denied, 439 U.S. 857, 99 S.Ct. 172, 58 L.Ed.2d 165.

United States v. Kendall, 665 F.2d 126, 134 (7th Cir. 1981), cert. denied, 455 U.S. 1021 (1982) (emphasis deleted).

Johnson is charged with conspiracy under 18 U.S.C. § 1512(k):

Whoever conspires to commit any offense under this section shall be subject to the same penalties as those prescribed for the offense the commission of which was the object of the conspiracy.

The alleged "offense the commission of which was the object of the conspiracy" is the killing of Murad with the intent to prevent Murad from communicating to a United States law enforcement officer the facts and details of drug trafficking and money laundering

5

operation. 18 U.S.C. § 1512(a)(1)(C). Unlike the general conspiracy statute set forth in 18 U.S.C. § 371[1], § 1512(k) does not expressly require proof of an overt act. Absent inconsistent statutory expression to the contrary, the Supreme Court has consistently attributed to Congress a "tacit purpose" to maintain the long-established distinction between a conspiracy offense and a completed substantive offense. Iannelli v. United States, 420 U.S. 770, 777, 779 (1975) (citations omitted). "Conspiracy is an inchoate offense, the essence of which is an agreement to commit an unlawful act." Id.

The First Superceding Indictment sufficiently sets forth the elements of the criminal conspiracy charged against Johnson under 18 U.S.C. §§ 1512(a)(1)(C) and 18 U.S.C. § 1512(k), that is, that Johnson agreed with others, including Contractor," to commit that unlawful act of killing Murad with the intent of preventing Murad from communicating with United States law enforcement officers the factual details of a drug trafficking and money laundering operation. Iannelli, 420 U.S. at 777, 779; Kendall, 665 F.2d at 134. § 1512(k) does not reflect in its language that proof of an overt act is an element of the crime over and above proof of an agreement to commit the charged murder. Iannelli, 420 U.S. at 777, 779. Notwithstanding, the First Superceding Indictment goes on to apprise Johnson of the circumstances underlying the charged conspiracy as well as overt acts Johnson allegedly committed in furtherance of the conspiracy: an ongoing federal criminal investigation of Murad in November 2004; execution of a federal search warrant at Murad's business on November 17, 2004; a resulting recovery of evidence leading to other suspects such as

---

[1] "If two or more persons conspire either to commit any offense against the United States, or to defraud the United States, or any agency thereof in any manner or for any purpose, and one or more of such persons do any act to effect the object of the conspiracy, each shall be fined under this title or imprisoned not more than five years, or both. . . . ." (emphasis added).

"Contractor"; Contractor asking Johnson in March 2005 to assist and participate in Murad's murder because Murad was providing federal authorities with information about Contractor's drug trafficking and money laundering operation; Contractor agreeing in March 2005 to pay Johnson a certain sum of money for participating in Murad's murder; Johnson committing the overt act of traveling to The Metro Car Company with others to look for Waad Murad on March 17, 2005; Johnson committing the overt act of walking the grounds of The Metro Car Company on March 17, 2005 to ensure that Murad was there; Johnson committing the overt act of surveilling the car lot on March 17, 2005 to further the agreement to murder Murad; Johnson committing the overt act of confirming the presence of Murad at The Metro Car Company on March 17, 2005; Murad being shot once in the head at The Metro Car Company on March 17, 2005; Murad dying on March 18, 2005; and Johnson possessing the alleged murder weapon at his home on March 29, 2005.  Kendall, 665 F.2d at 134.  The First Superceding Indictment apprises Johnson of at least four overt acts he allegedly committed in furtherance of the charged conspiracy.

"[T]here is no requirement in conspiracy cases that the government disclose . . . all the overt acts in furtherance of the conspiracy." United States v. Atisha, 804 F.2d 920, 927 (6th Cir. 1986) (quoting United States v. Giese, 597 F.2d 1170, 1180 (9th Cir.), cert. denied, 444 U.S. 979 (1979)).  "[A] bill of particulars is not intended to allow the defense 'to obtain detailed disclosure of all evidence held by the government before trial.'" United States v. Ridley, 199 F.Supp.2d 704, 708 (S.D. Ohio 2001) (quoting United States v. Salisbury, 983 F.2d 1369, 1375 (6th Cir.1993)).  A defendant's "request for the 'when, where, and how' of every act in furtherance of the conspiracy [is] equivalent to a request for complete discovery of the government's evidence, which is not a purpose of the bill of particulars." Giese, 597 F.2d at 1181 (citing United States v. Armocida, 515 F.2d 49, 54

7

(3d Cir.), cert denied, 423 U.S. 858 (1975)).  Johnson's motion for a bill of particulars that sets forth all the specific dates on which he allegedly conspired and agreed to murder Murad, all the places where he allegedly conspired and agreed to murder Murad, and all the specific overt acts he allegedly committed in furtherance of the alleged conspiracy reaches far beyond the purposes of a bill of particulars, and is not well taken.  Atisha, 804 F.2d at 927; Giese, 597 F.2d at 1181; Birmley, 529 F.2d at 108; Ridley, 199 F.Supp.2d at 708.

Johnson's motion for a bill of particulars stating whether he is being charged as an aider and abettor or a principal in the murder of Murad is somewhat puzzling.  "To the extent that the indictment or information itself provides details of the alleged offense, a bill of particulars is, of course, unnecessary."  Giese, 597 F.2d at 1180 (quoting 8 Moore's Federal Practice P 7.06(1) at 7-31 n.1 (2d ed. 1978)).  Count Two expressly charges Johnson as an aider and abettor.  As the Government argues, it has already provided Johnson with notice that he is charged in Count Two as an aider and abettor.

Aiding and abetting requires proof of: (1) an act by the defendant that contributes to the execution of a crime; and (2) the intent to aid in the crime's commission.  United States v. Gardner, 488 F.3d 700, 711 (6th Cir. 2007).  The First Superceding Indictment alleges several acts committed by Johnson in identifying Murad for execution, acts that allegedly contributed to Murad's March 17, 2005 murder.  The First Amended Indictment also alleges Johnson's shared intent with Contractor to kill Murad to prevent Murad from communicating with federal law enforcement officers the facts and details of a drug trafficking and money laundering operation.  The First Superceding Indictment sets forth the elements of the aiding and abetting offense charged in Count Two, and sufficiently apprises Johnson of the charge to enable him to prepare for trial.  Kendall, 665 F.2d at 134.

8

Johnson's attempt to secure greater evidentiary details through a bill of particulars in not well taken. <u>Ridley</u>, 199 F.Supp.2d 704, 708.

For the reasons set forth above, Johnson's motion for a bill of particulars is hereby DENIED.

SO ORDERED.

Dated:  September 23, 2009

<div style="margin-left: 40%">
<u>s/George Caram Steeh</u>
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE
</div>

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on September 23, 2009, by electronic and/or ordinary mail.

<u>s/Josephine Chaffee</u>
Deputy Clerk

9