UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


UNITED STATES OF AMERICA,

                Plaintiff,

                                          CASE NO. 05-CR-80337

vs.                                    HONORABLE GEORGE CARAM STEEH

HERMAN NORMAN JOHNSON,

                Defendant.

_____/

ORDER GRANTING DEFENDANT'S LETTER REQUEST FOR
EXTENSION OF TIME TO SUBMIT HABEAS PETITION (DOC. #254)

Before the court is defendant Herman Johnson's letter request to extend the time to submit a habeas petition pursuant to 28 U.S.C. § 2255. Johnson was convicted by a jury of (1) conspiring to kill Waad Murad with the intent of preventing him from communicating the commission of federal offenses to law enforcement officers; (2) aiding and abetting murder to prevent Murad from providing information regarding a federal crime; and (3) being a felon in possession of a firearm. The court imposed concurrent life sentences for the conspiracy and murder convictions and a concurrent 10-year sentence for the felon-in-possession conviction. Johnson appealed to the Sixth Circuit; his conviction was affirmed. (Doc. #249). On October 7, 2013, the Supreme Court denied Johnson's petition for a writ of certiorari. (Doc. #253).

Pursuant to 28 U.S.C. § 2255(f)(1), a 1-year period of limitation applies to a motion seeking collateral postconviction relief, and the limitation period runs from "the date on

-1-

which the judgment of conviction becomes final[.]"[1] A federal criminal judgment becomes final at the conclusion of direct review. *United States v. Cottage*, 307 F.3d 494, 499 (6th Cir. 2002). As the Supreme Court has explained, finality attaches in the context of postconviction relief when the Supreme Court "affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires." *Clay v. United States*, 537 U.S. 522, 527 (2003) (citations omitted). Here, as explained, the Supreme Court denied certiorari on October 7, 2013. Therefore, Johnson's time for filing a § 2255 petition has not yet passed; he has until October 7, 2014 to file a timely motion.

Johnson requests an extension of time to submit a § 2255 petition.[2] Johnson states that he is housed in a prison where the amount of "lock downs" has been high, and that he has been removed from general population, depriving him of the opportunity to access legal materials and other legal resources. According to Johnson, an extension of time will allow him to present his position in a clear and concise manner.

In some circumstances, equitable tolling may be applied to allow an enlargement of time to file a § 2255 petition. *Hall v. Warden, Lebanon Corr. Inst.*, 662 F.3d 745, 749 (6th Cir. 2011) (citing *Holland v. Florida*, 560 U.S. 631 (2010)). Equitable tolling "'allows courts to toll a statute of limitations when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control.'" *Hall*, 662 F.3d at 749

---

[1] The period may be longer in circumstances not present or asserted here. *See* 28 U.S.C. § 2255(f)(2)–(4).

[2] It is not clear if Johnson knows that the time for filing a § 2255 petition has not yet passed.

(quoting *Robertson v. Simpson*, 624 F.3d 781, 783 (6th Cir. 2010). The Supreme Court has stated that equitable tolling applies where the petitioner shows (1) "that he has been pursuing his rights diligently," and (2) "that some extraordinary circumstance stood in his way and prevented timely filing." *Holland*, 560 U.S. at 649 (citation and internal quotation marks omitted).[3]

Here, the court finds that Johnson is entitled to equitable tolling. That Johnson filed this request to extend the period for filing his petition prior to the 1-year period lapsing shows that he has not sat on his rights but instead has been pursuing his rights diligently. And Johnson has cited extraordinary circumstances that have affected his ability to file a timely petition. The frequent lock downs at the prison in which Johnson is currently incarcerated have hampered his ability to access the legal resources available to him. While the lack of access to legal materials does not always amount to an extraordinary circumstance, see, e.g., *Hall*, 662 F.3d at 751–52, the volume of lock downs at the prison and the fact that Johnson was taken out of general population, in the court's view, amount to an extraordinary circumstance. These are matters that were beyond Johnson's control. *See Inglesias v. Davis*, No. 07-1166, 2009 WL 87574, at *2 (6th Cir. Jan. 12, 2009) ("[W]e do not ordinarily toll the statute absent 'compelling equitable considerations' arising 'from circumstances beyond [the] litigant's control.'"). Accordingly, the court will allow Johnson

---

[3] Prior to the Supreme Court's decision in *Holland*, the Sixth Circuit took five factors into consideration when determining whether equitable tolling applies: "(1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim." *Solomon v. United States*, 467 F.3d 928, 933 (6th Cir. 2006) (citation omitted). Post-*Holland*, the Sixth Circuit has explained that the five-factor test is no longer viable. *Hall*, 662 F.3d at 750.

an additional 30 days to file a § 2255 petition.  This will give Johnson sufficient time to raise any claims he may have, and the better course is to address the claims on the merits.

The court notes that another district court in this Circuit has held that jurisdiction is lacking where the request to extend the statute of limitations comes prior to the expiration of the statute of limitations.  *United States v. Taste*, 840 F. Supp.2d 1039 (S.D. Ohio 2011) (explaining that the court lacked jurisdiction to extend the 1-year statute of limitations period where it had not yet expired).  Applying *Taste*'s logic, the court apparently lacks jurisdiction to consider whether equitable tolling permits an enlargement of time for Johnson to file his petition.  However, *Taste*'s conclusion is not explained, and it finds no support in Sixth Circuit precedent.  Requiring a defendant who still has time remaining to file a § 2255 petition to wait until the expiration of the 1-year period to seek equitable tolling could, in many instances, lead to extreme hardship.  This requires a defendant to risk losing the ability to file the petition if the court ultimately declines to apply equitable tolling.  On the other hand, a court's consideration of equitable tolling prior to the expiration of the 1-year period gives the defendant the opportunity to file a timely motion if equitable tolling is denied, which creates a result that is fair, especially when dealing with a pro se defendant.

The *Taste* court relied on *Small v. Warden*, No. 2:09-cv-00712, 2009 U.S. Dist. LEXIS 129226 (S.D. Ohio Oct. 23, 2009) in reaching its conclusion.  In *Small*, the defendant filed a motion for enlargement of time to file Rule 26(a)(2) disclosures in his § 2254 habeas case.  The magistrate judge, in a report and recommendation, stated that a district court was not authorized to extend the statute of limitations past the 1-year period.  *Id.* at *2.  The magistrate judge did not discuss equitable tolling or address the issue of

-4-

whether equitable tolling can be considered prior to the expiration of the limitations period. *Small* is, therefore, distinguishable.

*Taste* also cited *United States v. Forbes*, No. 06-135-S, 2010 U.S. Dist. LEXIS 13755 (D.R.I. Feb. 4, 2010). In *Forbes*, the petitioner sought to extend the time for filing a petition over one month prior to the expiration of the statute of limitations period. The court held that it did not have subject-matter jurisdiction to extend the period unless the § 2255 petition was filed because, otherwise, there was no case or controversy, and the court would be issuing an advisory opinion. *Id.* at *1–2. This conclusion, however, is contrary to Sixth Circuit precedent which explains that the 1-year requirement for filing a § 2255 petition is not jurisdictional. *Dunlap v. United States*, 250 F.3d 1001, 1004 n.1 (6th Cir. 2001), abrogated on other grounds, *Holland*, 560 U.S. 531. The court, therefore, declines to follow the reasoning in *Taste*, *Small* and *Forbes*.

Indeed, another court in this district has considered whether equitable tolling applies where the defendant sought to extend the time for filing a petition prior to the expiration of the 1-year period. *See United States v. Goward*, 719 F.Supp.2d 792 (E.D. Mich. 2010). And while the *Goward* court declined to apply equitable tolling because the defendant still had a few months to file his petition, the court proceeded with an equitable tolling analysis rather than dismissing for lack of subject-matter jurisdiction. The court agrees with the *Goward* court's analysis. In other words, the court has subject-matter jurisdiction to consider whether Johnson is entitled to equitable tolling.

For these reasons, the court GRANTS Johnson's request to enlarge the period for filing a § 2255 petition for an additional 30 days.  Johnson shall file his petition by November 7, 2014.

IT IS SO ORDERED.

Dated:  October 2, 2014

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on October 2, 2014, by electronic and/or ordinary mail and also on Herman N. Johnson #39558-039, United States Penitentiary Terre Haute, P. O. Box 33, Terre Haute, IN  47808.

s/Barbara Radke
Deputy Clerk